UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GLOBAL IMAGING SPECIALISTS, LLC,
a Florida Limited Liability Company,

    Plaintiff,

v.                                                    CASE NO. 23-cv-81563-MARRA

SHPS, PLLC, a Limited Liability Company,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff Global Imaging Specialists, LLC ("GIS" or "Plaintiff"), by and through its undersigned counsel, brings this action for damages against SHPS, PLLC ("SHPS" or "Defendant") resulting from Defendant's breach of contract between the parties. In support thereof, Plaintiff alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff GIS is a Florida limited liability company and its members Samuel Guirguis, Mark Guirguis, Emad Yacoub and Molly LiCastri are citizens in and domiciled in the state of Florida.

2. Upon information and belief, based upon public records searches SHPS is an Illinois limited liability company, with a principal address in Houston, Texas. SHPS provides radiological and medical imaging services at one or more locations in the state of Florida, including

1

Palm Beach County. Upon information and belief, based upon public records searches its members are citizens of the state of Texas.[1]

3.  This Court possesses subject-matter jurisdiction of this matter pursuant to 28 U.S.C. §1332(a)(1), because the parties are completely diverse and because the amount at issue here exceeds $75,000.00, exclusive of interest and costs.

4.  This Court can assert *in personam* jurisdiction over SHPS because doing so comports with Florida's long arm statute by virtue of SHPS regularly reaching into and transacting business in the state of Florida by negotiating agreements and contracting Florida radiologists, by servicing Florida residents – *i.e.* patients, by SHPS' action of sending payments to Plaintiff and other doctors in Florida, by virtue of SHPS owing money to Plaintiff to be delivered to Florida pursuant to the Agreements between the parties, by SHPS breaching the Agreements between the parties by virtue of directly soliciting and contracting with Dr. Efrain Ernesto Aguilar Murillo, MD who is located in Boca Raton, because SHPS inflicted harm/caused damages in Florida and because Defendant satisfies the minimum contacts test for the same reasons.

5.  Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391 because a substantial portion of the events or omissions giving rise to the claims occurred in this District and SHPS is subject to the court's personal jurisdiction with respect to the instant action.

## GENERAL ALLEGATIONS

6.  This is an action for breach of contract.

---

[1] SHPS members Adam Weiss, Aldo Ruffolo and Mark Pierce all have publicly listed personal addresses in Texas pursuant to SHPS filings made in Connecticut, Illinois and Texas.

2

7. Plaintiff GIS engages physicians to perform imaging-guided procedures and/or provide professional interpretation services to GIS clients, which include medical groups, hospitals, imaging centers and similar facilities.

8. GIS spends significant time, resources, and money in both locating and developing its physicians.

9. Physicians employed by GIS are fellowship-trained and board-certified, and have extensive experience in both the hospital and outpatient setting.

10. As a result of this investment, the identities and skills of the physicians engaged by GIS are uniquely valuable to GIS.

11. Dr. Efrain Ernesto Aguilar Murillo, MD, specializes in Diagnostic Radiology, Surgery and Neuroradiology and who has an office located in Boca Raton, Florida is an example of a doctor that GIS spent a significant amount of time, resources and money finding and engaging.

12. Defendant SHPS entered into a Professional Services Agreement (hereinafter referred to as the "AGREEMENT") with GIS, in which GIS would supply SHPS with these physicians to perform professional radiology review and interpretation services. In return, Defendant SHPS was to financially compensate Plaintiff GIS (a true and correct copy attached hereto as **"Exhibit A"**).

13. The AGREEMENT was entered into and executed by the parties on or about August 31, 2022. *See* **Exhibit A**.

14. GIS and SHPS acknowledged that the AGREEMENT constituted and expressed the entire agreement of the parties and supersedes all prior and agreements and understandings, whether written or oral, between them. *See* **Exhibit A; Section 6.08**.

15. As part of the AGREEMENT SHPS agreed that the services of the physicians would be supplied through GIS, and that SHPS would refrain from directly or indirectly soliciting or contracting with any physician supplied by GIS. *See* **Exhibit A; Section 4.06**.

16. The contract specifically states: "[SHPS] agrees that during the term of [the AGREEMENT] and for a period equal to twenty-four (24) months after the termination of expiration of [the AGREEMENT], [SHPS] shall not, directly or indirectly, either for itself of for any other Person or entity with which a GIS Physician to solicit, employ, contract with, or hire GIS Physician(s) or any other partnership, company, corporation, or entity with which a GIS Physician is employed or affiliated as an agent, director, member, partner, independent contractor or otherwise. . . .to provide Radiology Services. *See* **Exhibit A; Section 4.06**.

17. Pursuant to the AGREEMENT, SHPS would be required to compensate GIS $50,000 (fifty-thousand dollars) per breach within thirty (30) days of GIS notifying SHPS of said breach. *See* **Exhibit A; Section 4.06**.

18. Dr. Efrain Ernesto Aguilar Murillo, MD ("Dr. Murillo"), who practices in and has an office in Boca Raton Florida, in addition to Dr. Kyung Yoo, MD ("Dr. Yoo"), were both GIS physicians during the term of the AGREEMENT.

19. In accordance with the AGREEMENT, GIS provided Dr. Yoo and Dr. Murillo to SHPS to perform imaging-guided procedures and/or provide professional interpretation services.

20. SHPS was aware that both Dr. Yoo and Dr. Murillo were physicians affiliated with GIS.

21. Disregarding Section 4.06 of the AGREEMENT, SHPS circumvented GIS and directly solicited and contracted with both Dr. Yoo and Dr. Murillo, thus breaching the AGREEMENT between the parties.

22. In accordance with the AGREEMENT, GIS notified SHPS of the breach on or about September 27, 2023 (a true and correct copy attached hereto as "**Exhibit B**").

23. Enclosed with the letter notifying SHPS of the breach was an invoice in the amount of $100,000 for the two breaches of the AGREEMENT. SHPS had until October 27, 2023, to remit payment in the amount of $100,000.00 to GIS.

24. Pursuant to the AGREEMENT, interest at the rate of one percent (1.0%) per month (or, if lower, the maximum rate permitted by applicable law) shall accrue on any amount not paid by SHPS to GIS when due under the AGREEMENT and shall be payable by SHPS to GIS on demand. *See* **Exhibit A; Section 3.02**.

25. To date, SHPS has failed to pay the $100,000.00 due to GIS, which has since accrued interest in accordance with the aforementioned terms of the AGREEMENT.

26. The parties agreed no change or amendment of any of the terms or provisions of the AGREEMENT would bind the parties unless memorialized in writing and signed by the Party against whom the same is sought to be enforced. *See* **Exhibit A; Section 6.08**.

27. The parties amended the AGREEMENT (hereinafter "AMENDED AGREEMENT") in compliance with the terms described in Paragraph 20 on or about October 15, 2022 (a true and correct copy attached hereto as ("**Exhibit C**").

28. Pursuant to the terms of the AMENDED AGREEMENT, SHPS agreed to purchase a minimum amount of services from GIS, known as the daily minimum requirements. *See* **Exhibit C; Amendment 2**.

29. In the event SHPS failed to meet these daily requirements, the difference between the actual services provided and the minimum daily requirements would be billed based on a

relative value unit schedule for unmet daily minimum requirements. *See* **Exhibit C; Amendment 2**.

30. Further, the AMENDED AGREEMENT states the terms and conditions of the AGREEMENT shall continue in full force and effect, except as otherwise expressly amended in the AMENDED AGREEMENT.  *See* **Exhibit C; Amendment 4**.

31. In addition, the AGREEMENT states that the fees due to GIS shall be payable by SHPS in one week arrears on a biweekly basis relating to the services provided by GIS in the preceding two weeks. *See* **Exhibit A; Section 3.01**.

32. To date, SHPS has not met a single daily minimum requirement in accordance with the AMENDED AGREEMENT.

33. As a result, GIS has sent SHPS invoices, totaling approximately $3,767,312.50, for SHPS' failure to meet the daily minimum requirements laid out in the AMENDED AGREEMENT.

34. SHPS had until December 6, 2023 to issue payment for the outstanding invoices.

35. To date, SHPS has failed to remit payment for any invoice referred to herein issued by GIS.

36. Payment of the aforementioned invoices are past due and have accrued interest pursuant to Section 3.02 of the AGREEMENT between the parties.

37. The AGREEMENT was for a term of one (1) year, commencing August 31, 2022 and renewing automatically for additional one (1) year terms absent either party providing notice of an intent not to renew at least ninety (90) days prior to the end of the current contract year. *See* **Exhibit A; Section 5.01**.

38. To date, neither GIS nor SHPS has provided notice of an intent not to renew and the AGREEMENT is still in full force and effect.

39. The AGREEMENT provides that "[a]ny dispute arising out of [the AGREEMENT] (whether litigation is involved or not) or in the event that either Party must sue to collect fees or enforce rights, the prevailing Party shall be entitled to reimbursement of its reasonable expenses, including court expenses and reasonable attorney's fees." *See* **Exhibit A; Section 6.02**.

40. To date, SHPS has failed to compensate GIS for the physicians supplied and has not paid any monies owed as described above.

41. All conditions precedent prior to bringing to this action have been performed, occurred, satisfied, waived, or excused.

42. Plaintiff retained Lewis Brisbois Bisgaard & Smith LLP to represent it in this action and is obligated to pay for its reasonable attorneys' fees and costs.

## COUNT I - BREACH OF CONTRACT (OF THE AGREEMENT)

43. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 – 42 above.

44. The parties entered into a valid, enforceable, and binding agreement. *See* **Exhibit A**.

45. GIS supplied SHPS with physicians to perform professional radiology review and interpretation services in consideration of the AGREEMENT.

46. Pursuant to the AGREEMENT, SHPS was to refrain from directly or indirectly, soliciting, employing, contracting with, or hiring any physician supplied by GIS. *See* **Exhibit A; Section 4.06**.

47. SHPS materially and substantially breached the AGREEMENT by directly soliciting and contracting with Dr. Murillo and Dr. Yoo, who were both doctors supplied by GIS.

48. GIS sent SHPS written notice of said breach, requesting payment in the amount of $100,000.00 for directly soliciting and contracting with Dr. Yoo and Dr. Murrillo pursuant to the terms of the AGREEMENT.

49. To date, SHPS has failed to remit payment to GIS for the aforementioned breaches of the AGREEMENT.

50. As a direct and proximate result of SHPS' breaches, GIS has been damaged.

**WHEREFORE**, GIS demands judgment against Defendant SHPS for:

(a) $100,000 owed by SHPS to GIS for the two breaches of the AGREEMENT for solicitation of Dr. Murillo and Dr. Yoo;

(b) the accumulated and future interest for Defendant SHPS' failure to pay the $100,000.00 currently due and owing to GIS pursuant to the AGREEMENT;

(c) consequential damages incurred as a result of Defendant SHPS' solicitation and contracting with Dr. Yoo and Dr. Murillo;

(d) attorneys' fees and costs incurred by GIS; and any other relief this Court deems just and proper.

**COUNT II - BREACH OF CONTRACT (OF THE AMENDED AGREEMENT)**

51. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 – 42 above.

52. The parties entered into the AMENDED AGREEMENT on or about October 15, 2022.

53. Pursuant to the terms of the AMENDED AGREEMENT, SHPS agreed to either (1) pay GIS for the actual number of radiology services performed by supplied physicians if they meet the daily minimum requirements or (2) pay the difference between the actual services provided and the minimum daily requirements based on a relative value unit schedule. *See* **Exhibit C; Amendment 2**.

54. To date, SHPS failed to meet the minimum daily requirements.

55. As a result, GIS has sent SHPS invoices, totaling approximately $3,767,312.50, for SHPS' failure to meet the daily minimum requirements laid out in the AMENDED AGREEMENT.

56. SHPS materially breached the agreement by failing to meet the minimum daily requirements and for failure to remit payment 3,767,312.50 that is due and owing pursuant to the terms of the AMENDED AGREEMENT.

57. As a direct and proximate result of SHPS' breaches of the AMENDED AGREEMENT, GIS has been damaged.

**WHEREFORE**, GIS demands judgment against Defendant SHPS for:

(a) The $3,767,312.50. owed for Defendant SHPS' breach of the AMENDED AGREEMENT;

(b) the accumulated and future interest for Defendant SHPS' failure to pay the $3,767,312.50. due and owing to GIS pursuant to the AMENDED AGREEMENT;

(c) any attorneys' fees and costs incurred by Plaintiff GIS; and any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff GIS further demands a trial by jury of all issues so triable as a matter of right.

Respectfully submitted: December 18, 2023,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Counsel for Plaintiff*
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone:   (954) 728-1280
Facsimile:    (954) 728-1282
E-Service: ftlemaildesig@lewisbrisbois.com

By: *s/ Ishmael A. Green*
    Ishmael A. Green (FBN: 109100)
    ishmael.green@lewisbrisbois.com
    aviva.pasternak@lewisbrisbois.com